## FLAKE v. LE BLANC.
### No. 14030.

Court of Appeal of Louisiana. Orleans.
May 16, 1932.

John C. O'Connor, of New Orleans, for appellant.

Lemle, Moreno & Lemle and C. Ellis Henican, all of New Orleans, for appellee.

JANVIER, J.

This suit results from an automobile collision at a street corner at which there is a traffic signal light which operates automatically.

Flake was driving his Pontiac sedan down St. Claude avenue, and Le Blanc, at the steering wheel of his Ford coupé, was crossing St. Claude avenue at Frenchman street, and going towards the river.

It is charged by Flake, and two other eyewitnesses corroborate his version of the encounter, that, as his car reached Frenchman street, the semaphore light facing him turned to green which, under section 14 of the Traffic Ordinance (No. 7490, C. C. S.), indicated that vehicles intending to cross St. Claude avenue should come to a stop and permit those on the said avenue to proceed; that, while he was in the intersection and when he had almost completed the crossing, his Pontiac was struck on the left side, near the rear, by Le Blanc's Ford which was crossing in complete disregard of the fact that the right of way, in accordance with the ordinance, belonged to plaintiff; that said Pontiac was turned over and damaged. Plaintiff claims $153.25 as the amount expended in removing his car and repairing the damage caused to it.

Le Blanc, on the other hand, charges that he had entered the intersection while the light facing him was green, and that before he could complete the passage Flake's car dashed in front of his Ford when it was too late for him to stop.

The judgment in the court below was in plaintiff's favor for the amount prayed for, and defendant has appealed.

Le Blanc, defendant, in support of his contention, produced three eyewitnesses, all of whom corroborated his version.

Numerically defendant's witnesses predominate, and it would be very difficult for us to reach a conclusion in the matter were it not for the fact that the judgment below was rendered in plaintiff's favor and for the further fact that defendant, Le Blanc, is plainly the victim of seriously defective vision.

At the trial below, counsel for plaintiff subjected defendant to various tests in an effort to prove that his eyesight was not normal, and it was conclusively shown that, across a room only thirty-five feet wide, he could not distinguish the color of a red cross poster and, at a distance of only a few feet, he could not tell the color of a blue book.

This fact and the presumption of correctness which attaches to the finding of the trial judge leave us convinced that the judgment should not be reversed.

The amount awarded seems to be correct, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed; appellant to pay the cost of appeal.

Affirmed.